UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **GURVINDER SINGH,** | Civil Action No. 23-20366 (SDW) |
| Plaintiff, | **MEMORANDUM OPINION** |
| v. | |
| **YOLANDA PITMAN, WARDEN ELIZABETH DETENTION CENTER,** | |
| Respondent. | |

**IT APPEARING THAT:**

1. On or about September 14, 2023, Petitioner Gurvinder Singh, a noncitizen immigration detainee confined in the Elizabeth Detention Center, in Elizabeth, New Jersey, filed a petition for writ of habeas corpus under 28 U.S.C. § 2241, alleging violation of his right to due process because he has been confined under 8 U.S.C. § 1226(c) without a bond hearing since May 2022, while litigating his removal proceedings. (ECF No. 1).

2. On November 2, 2023, Respondent, appearing by Matthew J. Mailloux, Assistant United States Attorney, filed a letter in lieu of an answer to the habeas petition. (ECF No. 5.) Respondent reserves all rights, including that of appeal, but acknowledges "that district judges in the District of New Jersey have directed immigration judges to hold bond hearings for noncitizens in similar circumstances under *German Santos v. Warden Pike County Correctional Facility*, 965 F.3d 203 (3d Cir. 2020). *See also* 8 C.F.R. § 1003.19(c)." To preserve judicial resources, Respondent relies upon the legal arguments presented in *German Santos* and submits that the Court can decide this matter promptly without further briefing.

1

3. "If a noncitizen is found to fall within § 1226(c), she may not seek release on bond unless and until her detention has become "unreasonably long," which, under our precedents, may be six months or more." *Gayle v. Warden Monmouth Cnty. Corr. Inst.*, 12 F.4th 321, 332 (3d Cir. 2021) (citing *German Santos*, 965 F.3d at 210–11). "[Section] 1226(c) detainees in New Jersey are held for an average of 300 days and a median of 224. Detention of that length without the opportunity to seek release on bond must be based on more than just "a reasonable ground for belief" that an offense has been or is being committed. *Id.* (citing *Brinegar v. U.S.*, 338 U.S. 160, 175 (1949) (citation and internal quotation marks omitted in *Gayle*)). "[O]nce detention under § 1226(c) has become unreasonable, the Government must put forth clear and convincing evidence that continued detention is necessary." *German Santos*, 965 F.3d at 213.

4. Petitioner, according to Respondent, has been confined in Elizabeth Detention Center pursuant to 8 U.S.C. § 1226(c) since May 26, 2022, without a bond hearing. (ECF No. 5). The delay in proceedings is by no fault of Petitioner.[1]  *German Santos*, 965 F.3d at 211 ("we do not hold an alien's good-faith challenge to his removal against him, even if his appeals or applications for relief have drawn out the proceedings.")  Petitioner's detention is expected to continue while he appeals the denial of his relief applications in the Third Circuit Court of Appeals, a proceeding which has only recently begun. (ECF No. 1).  Under these circumstances, Petitioner has a due process right to a bond hearing.  Therefore, this Court will direct the Government to provide Petitioner with a bond hearing, in conformance with the standards set forth in *German Santos*.

---

[1] Respondent does not dispute Petitioner's account of his immigration court proceedings.

An appropriate order follows.

Dated: November 13, 2023

_____
Hon. Susan D. Wigenton,
United States District Judge